IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMSC-008

Filing Date: February 17, 2011

Docket No. 31,409

STATE OF NEW MEXICO,

      Plaintiff-Appellee,

v.

VICTOR PAIZ,

      Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY
Douglas R. Driggers, District Judge

Thomas L. Wright
El Paso, TX

for Appellant

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellee

OPINION

MAES, Justice.

{1}    In this appeal we address when improper joinder and a motion to sever are appropriate and whether improper joinder is subject to a harmless error analysis. Defendant, Victor Paiz, appeals his convictions for first degree murder, shooting at a motor vehicle causing great bodily harm, two counts of aggravated battery, two counts of aggravated assault, tampering with evidence, and drug trafficking by possession with the intent to distribute cocaine. Defendant claims that the State violated Rule 5-203(A) NMRA, when it joined the unrelated drug trafficking count with the counts related to the shooting. The

1

State raises for the first time on appeal the question of whether the trial court had the authority to enhance Defendant's life sentence for first degree murder.

**{2}** We clarify the differences between a Rule 5-203(A) and Rule 5-203(C) claim at the trial level versus the appellate level. At the trial level the defendant only has to show that the offenses joined in the indictment, information, or complaint do not meet the criteria for joinder under Rule 5-203(A). The defendant need not show prejudice at the trial level. If the trial court finds that the defendant has made this showing, then the trial court should sever the improperly joined offenses. We adopt the analysis in *State v. Gallegos*, 2007-NMSC-007, ¶ 41, 141 N.M. 185, 152 P.3d 828, to determine whether Defendant was actually prejudiced by the improperly joined offenses under Rule 5-203(A). Accordingly, we hold that Rule 5-203(A) was violated when the drug trafficking count was joined with the counts related to the shooting, and that the improper joinder resulted in actual prejudice to Defendant, which was not a harmless error. We reverse Defendant's convictions and remand for a new trial. We also hold that the trial court lacked authority to increase Defendant's life sentence.

**FACTS AND PROCEDURAL HISTORY**

**{3}** Only those facts relevant to improper joinder are discussed here; other facts are discussed as needed. A confrontation between Defendant and his friends and Albert Mata and his friends resulted in a shooting where Jesse Bustillos was killed. Mata's three other friends were injured as a result of the shooting.

**{4}** As part of the investigation, a search warrant was executed at Defendant's residence. The officers were looking for a red striped shirt that Defendant allegedly wore at the shooting and any other evidence pertaining to the incident. In the living area, they located the red striped shirt and a tennis shoe box. Inside the box was a pair of sneakers, and inside the sneakers the officers found two plastic bags "containing a white powdery substance." Later testing indicated that the white powdery substance in both bags was cocaine. One plastic bag contained 6.63 grams of cocaine, and the other contained 6.94 grams of cocaine. The officers also found a hand scale, a digital scale, and clear plastic bags.

**{5}** Defendant was charged with (1) first degree, deliberate murder, or in the alternative, felony murder, of Jesse Bustillos; (2) shooting at a motor vehicle causing great bodily harm to Jesse Bustillos; (3) aggravated battery with a deadly weapon on Benjamin Duenes; (4) aggravated battery with a deadly weapon on Aaron Gomez; (5) aggravated assault with a deadly weapon on Chris Baca; (6) aggravated assault with a deadly weapon on Albert Mata; (7) tampering with evidence relating to the gun; (8) tampering with evidence relating to the red striped shirt; and (9) drug trafficking by possession with intent to distribute cocaine.

**{6}** Before trial, Defendant filed a motion to sever the drug trafficking charge. His motion specifically cited Rule 5-203(A) and claimed that severance was based on the following grounds:

2

a.      It [was] not of a similar character to the others;

b.      The facts supporting it [did] not form part of a single scheme or plan involving the other charges;

c.      The facts supporting it [did] not form part of the motive for the other charges;

d.      The facts supporting it [did] not form part of the same conduct or series of acts as that supporting the other charges; [and]

e.      Trial of Count 9 with the other charges would prejudice Defendant in his defense of the shooting-related charges; the jury might be led to base its decision on speculation, conjecture, prejudice, or emotion based on an appearance of drug trafficking.

**{7}**     The State responded that the charges were properly joined because evidence of drug trafficking was discovered with evidence related to the shooting, judicial economy favored trying all charged counts together, and evidence for all of the counts would be cross-admissible if tried in separate trials and, therefore, Defendant would not be prejudiced. After a hearing on the motion to sever, the trial court issued an order summarily denying the motion. Defendant renewed his motion to sever at the start of trial, and the court again denied the motion. At the close of the State's case-in-chief, Defendant moved for a directed verdict on all charges. The trial court granted a directed verdict as to tampering with evidence relating to the red striped shirt but determined that there was sufficient evidence on the remaining eight charges to submit them to the jury. Defendant objected to the jury instructions on the drug trafficking charge citing his "previous objections relative to the entry of the evidence and the severance motion." The jury convicted Defendant on the remaining eight charges. Defendant was sentenced to life in prison plus thirty-two years enhanced by one year pursuant to NMSA 1978, Section 31-18-17 (2003), followed by two years on parole.

**{8}**     Defendant appeals pursuant to Rule 12-102(A)(1) NMRA and Article VI, Section 2 of the New Mexico Constitution, which provide for direct appeal from the trial court when a sentence of death or life imprisonment has been imposed. *See State v. Trujillo*, 2002-NMSC-005, ¶ 8, 131 N.M. 709, 42 P.3d 814.

**{9}**     Defendant argues that the State violated Rule 5-203(A), joinder of offenses, when it joined the drug trafficking count with the counts related to the shooting incident. Defendant also argues that the trial court erred when it denied Defendant's motion to sever the drug trafficking count from the counts related to the shooting incident, because even if joinder of the charges was proper, he was prejudiced by their joinder pursuant to Rule 5-203(C).

3

**STANDARD OF REVIEW**

**{10}** Rule 5-203(A), joinder of offenses, is a mandatory rule. *Gallegos*, 2007-NMSC-007, ¶ 10 ("Rule 5-203(A) is not a discretionary or permissive rule; it demands that the State join certain charges."). Thus, an improper joinder of offenses claim is a question of law, which we review de novo. *Id.* ¶ 17.

**DISCUSSION**

**Improper Joinder and Denial of Motion to Sever**

**{11}** Rule 5-203 addresses joinder of offenses, joinder of defendants, and motion for severance. In *Gallegos*, this Court acknowledged the confusion surrounding improper joinder claims and denial of motion to sever claims. 2007-NMSC-007, ¶ 17. In this opinion, in conjunction with *Gallegos* and *State v. Garcia*, 2011-NMSC-003, ___ N.M. ___, ___ P.3d ___ (No. 30,782, Jan. 12, 2011), we clarify Rule 5-203 claims. Rule 5-203 states:

> A.    **Joinder of offenses**. Two or more offenses shall be joined in one complaint, indictment or information with each offense stated in a separate count, if the offenses, whether felonies or misdemeanors or both:
>      (1) are of the same or similar character, even if not part of a single scheme or plan; or
>      (2)  are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan.
> B.    **Joinder of defendants**.  A separate complaint, indictment or information shall be filed for each defendant. Two or more defendants may be joined on motion of a party, or will be joined by the filing of a statement of joinder by the state contemporaneously with the filing of the complaints, indictments or informations charging such defendants:
>      (1)  when each of the defendants is charged with accountability for each offense included;
>      (2)  when all of the defendants are charged with conspiracy and some of the defendants are also charged with one or more offenses alleged to be in furtherance of the conspiracy; or
>      (3)  when, even if conspiracy is not charged and not all of the defendants are charged in each count, the several offenses charged:
>          (a)  were part of a common scheme or plan; or
>          (b)  were so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of others.
> C.    **Motion for severance**.  If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants by the filing of a statement of joinder for trial, the court may order separate trials of offenses, grant a severance of defendants, or provide whatever other relief justice

4

requires. In ruling on a motion by a defendant for severance, the court may order the prosecutor to deliver to the court for inspection in camera any statements or confessions made by the defendants which the prosecution intends to introduce in evidence at the trial.

**{12}** As we stated in *Gallegos*, "Rule 5-203(A) is not a discretionary or permissive rule; it demands that the State join certain charges." 2007-NMSC-007, ¶ 10. Rule 5-203(A) requires multiple offenses be joined whenever they "are of the same or similar character, even if not part of a single scheme or plan" or "are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan."

**{13}** In *State v. Gammill*, a Court of Appeals opinion, Judge (later Justice) Minzner analyzed improper joinder as a defect in an indictment that must be preserved before a trial on the merits begins. 102 N.M. 652, 654, 699 P.2d 125, 127 (Ct. App. 1985). Rule 5-601(C) NMRA requires that defenses and objections based on defects in the indictment be raised prior to trial. Accordingly, to preserve an improper joinder claim a defendant must raise the claim prior to trial pursuant to Rule 5-601(C) and ground his claim in the criteria enumerated in Rule 5-203(A).

**{14}** We next address prejudice in the joinder context at the trial level. The inherent prejudice in joining unrelated offenses is what causes our joinder rule to specifically limit when joinder of offenses is permissible. *See United States v. Lotsch*, 102 F.2d 35, 36 (2d Cir. 1939) (the venerable Judge Learned Hand noted "[t]here is indeed always a danger when several crimes are tried together, that the jury may use the evidence cumulatively"). Therefore, the defendant does not have to show prejudice at the trial court level because of the inherent prejudice in joining offenses that are not of the "same or similar character" or "based on the same conduct or on a series of acts either connected together or . . . [part] of a single scheme or plan." Rule 5-203(A). Joining unrelated charges can increase the risk to the defendant by making it more difficult for him or her to testify for one charge but not for another. Similarly, by permitting the jury to hear evidence that is not cross-admissible in separate trials invites a jury to use the evidence of separate crimes cumulatively. *See U.S. v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976). At trial, the defendant should only have to show that the offenses joined in the indictment, information, or complaint do not meet the criteria for joinder under Rule 5-203(A). If the trial court finds that the defendant has made this showing, the trial court should sever the improperly joined offenses. Quashing the indictment or dismissing the complaint are not the trial court's exclusive remedies. Rule 5-601(C)(2) requires dismissal only if the objection "is not otherwise remediable." Severance of the improperly joined offenses eliminates the inherent risks of prejudice we outline above when offenses are improperly joined.

**{15}** Defendant's motion to sever the drug trafficking charge specifically outlined the grounds in Rule 5-203(A). The State argues it was proper to join the drug trafficking count because evidence supporting the drug trafficking count was discovered during the course of

5

the shooting investigation. Thus, the State asserts that the offenses were properly joined because they were based on "a series of acts . . . connected together in time and space."

**{16}**     Under certain circumstances, federal courts have held joinder under Rule 8(a) of the Federal Rules of Criminal Procedure, which is similar to Rule 5-203(A), to be proper when evidence of two separate crimes was found during the same search. *See United States v. Valentine*, 706 F.2d 282, 289 (10th Cir. 1983) (holding that joinder was proper where guns, a large quantity of cocaine, and drug paraphernalia were found in the defendant's kitchen, because such evidence indicated that the defendant possessed the drugs and guns as part of a common plan to sell cocaine); *see also United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976) (holding that joinder of gun and drug charges was proper because they were based on the same transaction, illicit drug activities). However, in each of these cases there was more than a "[m]ere factual similarity of events," there was a "logical relationship" between the offenses. *United States v. Ford*, 632 F.2d 1354, 1372 (9th Cir. 1980) (internal quotation marks and citation omitted), *overruled on other grounds by United States v. De Bright*, 730 F.2d 1255, 1259-60 (9th Cir. 1984). Particularly, other courts have been willing to join offenses when drugs and guns are found during a search because possession of such tends to show an intent of drug trafficking. *See Valentine*, 706 F.2d at 289; *Park*, 531 F.2d at 761.

**{17}**     Here, there is no logical relationship between the shooting and the drug trafficking. In fact, neither party argued that the shooting had any relationship to the trafficking of drugs. The detectives searched Defendant's house for evidence related to the shooting and found the red striped shirt Defendant allegedly wore at the shooting. The sneakers were found in close proximity to the red striped shirt, and it was inside the sneakers that the two bags of cocaine were found. The other evidence relating to drug trafficking, including scales and some plastic bags, were subsequently found "inside the residence." It was not Defendant's *offenses* that could be construed as a series of acts "either connected together or constituting parts of a single scheme or plan," Rule 5-203(A), but rather, it was Defendant's shooting offense combined with the *detectives' actions* following the shooting that led to the joinder of the drug trafficking offense with the shooting offenses. *See United States v. Gray*, 78 F. Supp. 2d 524, 532 (E.D. Va. 1999) (holding it improper for the government to join child pornography charges, which were discovered when searching for evidence of unauthorized access to a government computer, because under Rule 8(a), "it is a defendant's 'offenses,' not any governmental act, that must be part of the 'same act or transaction' to permit joinder"). It is clear from the indictment that it was error to join the drug trafficking count with the shooting counts.

**Improper Joinder and Harmless Error Analysis**

**{18}**     We now address the consequences of an improper joinder at the appellate level. We emphasize that while we held in *Gallegos* that "by its very nature, Rule 5-203(C) does not come into play unless and until there is a proper joinder pursuant to Rule 5-203(A)," this language should not insinuate that severance is only available in the event of proper (but prejudicial) joinder. 2007-NMSC-007, ¶ 16. A trial judge is not precluded from severing

6

charges that have been improperly joined under Rule 5-203(A). The distinction between a Rule 5-203(A) claim and a Rule 5-203(C) claim at the trial level is that a severance of improperly joined offenses under Rule 5-203(A) does not require a showing of prejudice, whereas a severance of properly joined offenses under Rule 5-203(C) does require a showing of prejudice. *See Gallegos*, 2007-NMSC-007, ¶ 19. At the appellate level, the distinction between a Rule 5-203(A) claim and a Rule 5-203(C) claim "becomes blurred since the basis for the prohibition against both misjoinder and prejudicial joinder [(Rule 5-203(C))] is, essentially, prejudice to the defendant." *State v. Strickland*, 683 So. 2d 218, 226 (La. 1996).

**{19}** Defendant argues that once improper joinder has been established prejudice should be assumed and "the case should be reversed *ipso facto*." However, prior to *Gallegos*, this Court in *State v. Jacobs* rejected the adoption of a per se rule requiring reversal in the case of improper joinder. 2000-NMSC-026, ¶ 17, 129 N.M. 448, 10 P.3d 127. In *Jacobs*, joinder was proper and, therefore, the issue of improper joinder was never reached. *Id.* With no New Mexico case law addressing the consequences of improper joinder, *United States v. Lane* guides our analysis. 474 U.S. 438 (1986). In *Lane*, the United States Supreme Court held that improper joinder is subject to a harmless error analysis, *id.* at 446, and "requires reversal only if the misjoinder results in actual prejudice because it had substantial and injurious effect or influence in determining the jury's verdict," *id.* at 449 (internal quotation marks and citation omitted).

**{20}** In *Gallegos*, this Court listed factors to consider when determining whether a defendant was actually prejudiced by the joinder of offenses. 2007-NMSC-007, ¶ 41. Although *Gallegos* addressed a Rule 5-203(C) denial of a motion to sever claim, the same enumerated factors are relevant in a Rule 5-203(A) improper joinder analysis to determine whether the improper joinder actually prejudiced the defendant or if it resulted in a harmless error. Factors that tend to show prejudice, which were present in this case, include the defendant being convicted on all counts and a conviction on a charge where the evidence is thin. *Gallegos*, 2007-NMSC-007, ¶ 41.

**{21}** The main focus of the State's case-in-chief was the eight charges related to the shooting incident. Evidence in support of the shooting charges was presented through the testimony of Officer Ralph Monget and several eye witnesses, whose testimony pointed toward Defendant being the shooter. Officer Monget testified that the bullets' trajectories indicated that they were fired near the front passenger area of the van. Several eyewitnesses testified that Defendant was seated in the passenger side of the van. A bystander who heard the gunshots testified that he saw a man getting into the passenger side of the van with a revolver. Mata testified that Defendant exited the van with a .44 caliber gun.

**{22}** In contrast, the drug trafficking charge comprised a small portion of the State's case-in-chief with little evidence linking Defendant to drug trafficking. When searching Defendant's residence for evidence relating to the shooting, cocaine was found in a sneaker inside a shoe box and near the red striped shirt Defendant was said to have been wearing the day of the shooting. Drug paraphernalia, including a digital scale, a hand scale, and clear

plastic bags were also found in Defendant's residence. A detective testified that these items are commonly used to traffic drugs.

**{23}** To convict Defendant of trafficking a controlled substance by possession with intent to distribute, "the State was required to prove that Defendant had the cocaine in [his] possession, was aware that it was cocaine, and intended to transfer it to another." *State v. Chandler*, 119 N.M. 727, 730, 895 P.2d 249, 252 (Ct. App. 1995); *accord* NMSA 1978, § 30-31-20(A)(3) (2006). The State put on little evidence to support that Defendant had knowledge of cocaine in the residence. *See State v. Gonzales*, 86 N.M. 556, 558, 525 P.2d 916, 918 (Ct. App. 1974) (concluding that in a drug trafficking case, the State must prove that the defendant had knowledge of the presence and narcotic character of the object(s) possessed), *overruled on other grounds by State v. Bender*, 91 N.M. 670, 671, 579 P.2d 796, 797 (1978).

**{24}** In *State v. Becerra*, the Court of Appeals held that "[w]hile knowledge of the presence of drugs may be inferred where exclusive possession of the premises is shown, where exclusive possession is not shown, additional evidence is required to support such an inference." 112 N.M. 604, 607, 817 P.2d 1246, 1249 (Ct. App. 1991). In this case, Defendant's father also lived at the residence where the search warrant was executed. When the police arrived at the residence, Defendant and "a couple other subjects" were inside. Furthermore, while conducting the search warrant, one of the detectives testified that he did not recall who else may have been living there; Defendant "may have had another relative coming in and out, but [he was] not sure." The drug trafficking evidence was found in the living room of Defendant's residence, but the detective did not confirm whether or not the evidence belonged to Defendant. Rather, the detective inferred that the evidence belonged to Defendant because the drugs were found in the living room near "lots of shirts that are consistent with what someone [Defendant's] age would wear, shirts and jeans and sneakers." Without proving beyond a reasonable doubt that Defendant was in possession of the cocaine, the State's evidence as to the drug trafficking count was thin at best.

**{25}** The risk of prejudice can be offset by the defendant being acquitted of some charges and "proper jury instructions that adequately make clear to the jury that it must not consider evidence inadmissible to a particular count when coming to a verdict on that count." *Gallegos*, 2007-NMSC-007, ¶ 41. Although a limiting jury instruction was given in this case, it was too vague to be curative. The jury was instructed that "[e]ach crime charged in the [indictment] should be considered separately." UJI 14-6004 NMRA. However, the trial court never emphasized to the jury that they should consider the evidence related to the shooting charges independent of the evidence related to the drug trafficking charge and vice versa. This may have assisted in reducing the prejudice to Defendant, especially because the same detectives provided simultaneous testimony as to the drug trafficking charge and the shooting charges.

**{26}** Defendant was actually prejudiced by the improper joinder of offenses, and therefore, we reverse and remand all of Defendant's convictions for a new trial.

**Preservation of an Improper Joinder Claim**

**{27}**    We must resolve the State's claim that Defendant failed to preserve the joinder issue. Rule 12-216(A) NMRA states, in part, that "[t]o preserve a question for review it must appear that a ruling or decision by the [trial] court was fairly invoked, but formal exceptions are not required, nor is it necessary to file a motion for a new trial to preserve questions for review." In *State v. Lopez,* this Court reiterated that "[i]n order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." 2007-NMSC-037, ¶ 15, 142 N.M 138, 164 P.3d 19; *see* Rule 12-216(A). The State claims that Defendant failed to preserve the joinder issue at the trial court level because Defendant did not invoke a ruling that the "joinder of charges was an abuse of prosecutorial discretion or an act incompatible with the prosecutors' duty to seek justice." Therefore the State argues that the only issue on appeal is Defendant's motion to sever claim.

**{28}**    In *Gammill*, the Court of Appeals concluded that the defendant waived his improper joinder claim because he failed to raise the issue at the pretrial motion hearing. 102 N.M. at 654, 699 P.2d at 127. In *Jacobs*, this Court held that the defendant failed to preserve an improper joinder claim at trial because he argued only that the jury would misuse the evidence, not that joinder was improper under Rule 5-203(A). 2000-NMSC-026, ¶ 12. Accordingly, to preserve an improper joinder claim a defendant must raise the claim prior to trial pursuant to Rule 5-601(C) and ground his claim in the criteria enumerated in Rule 5-203(A).

**{29}**    Defendant's motion to sever was filed prior to trial and followed the criteria of Rule 5-203(A). The trial judge entered an order, prior to trial, denying Defendant's motion on December  6, 2007. The record on appeal is incomplete in that it does not include a transcript or a recording of the hearing on Defendant's motion for severance. "Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [trial] court's judgment." *State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (alteration in original) (internal quotation marks and citation omitted).

**{30}**    The grounds stated for requesting severance of the drug trafficking charge referred expressly to Rule 5-203(A), that the drug trafficking charge was "not of a similar character to the others," "[t]he facts supporting it [did] not form part of a single scheme or plan involving the other charges," and "[t]he facts supporting it [did] not form part of the same conduct or series of acts as that supporting the other charges." Defendant was not basing his objection on the prejudice he would suffer as a result of proper joinder under Rule 5-203(C), but rather on the State's improper joinder of charges under Rule 5-203(A).

**{31}**    The fact that Defendant entitled his motion "Motion to Sever" is not persuasive because "[t]he manner in which the relief is requested and the nomenclature used is not significant." *Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 50, 582 P.2d 819, 822 (1978); *see*

9

*also Century Bank v. Hymans*, 120 N.M. 684, 689, 905 P.2d 722, 727 (Ct. App. 1995) ("The movant need not cite the provision authorizing the motion; the substance of the motion, not its title, controls."). The nature of Defendant's motion to sever was based on a violation of Rule 5-203(A) with no substantive reference to Rule 5-203(C). Prior to trial, Defendant filed a withdrawal of his motion to sever count four, because a new indictment had been returned and the original count four drug trafficking charge was renumbered to count nine. In the withdrawal, Defendant "reserv[ed] his right to challenge the improper joinder of the charge." It is clear that Defendant properly preserved his Rule 5-203(A) improper joinder claim.

**Sentence Enhancement**

**{32}** Although we are reversing as to all convictions and remanding for a new trial, we address the sentence enhancement issue here because it is important that trial courts understand the limits of their jurisdiction under the Criminal Sentencing Act.

**{33}** On appeal we only consider issues raised in the trial court unless the issues involve matters of jurisdictional or fundamental error. *In Re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431; *see also* Rule 12-216(B) ("This rule shall not preclude the appellate court from considering jurisdictional questions . . . ."). A trial court does not have jurisdiction to impose an illegal sentence on a defendant and, therefore, any party may challenge an illegal sentence for the first time on appeal. *State v. Tafoya*, 2010-NMSC-019, ¶ 7, 148 N.M. 391, 237 P.3d 693. Here, the State raised, for the first time on appeal, a claim that the trial court did not have the authority to enhance Defendant's life sentence for a first degree murder conviction. We agree.

**{34}** Section 31-18-17 of the Criminal Sentencing Act authorizes an enhancement of a sentence only for conviction of a noncapital felony. Defendant was convicted of a capital felony under NMSA 1978, Section 30-2-1(A) (1994), and therefore the sentence enhancement was in error and Section 31-18-17 does not apply for a first degree murder conviction. The trial court's one-year enhancement of Defendant's life sentence was unauthorized.

**CONCLUSION**

**{35}** Rule 5-203(A) was violated when the drug trafficking count was joined to the shooting counts, and the improper joinder resulted in actual prejudice to Defendant. We reverse Defendant's convictions and remand for a new trial.

**{36}  IT IS SO ORDERED.**

_____
**PETRA JIMENEZ MAES, Justice**

**WE CONCUR:**

10

_____
**CHARLES W. DANIELS, Chief Justice**


_____
**PATRICIO M. SERNA, Justice**


_____
**RICHARD C. BOSSON, Justice**


_____
**EDWARD L. CHÁVEZ, Justice**


**Topic Index for *State v. Paiz*, Docket No. 31,409**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-HE | Harmless Error |
| AE-PA | Preservation of Issues for Appeal |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-CF | Capital Felony |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-ES | Enhancement of Sentence |
| CA-IN | Indictment |
| CA-JN | Joinder of Charges |
| CA-PJ | Prejudice |
| CA-ST | Separate Trial |
| CA-SV | Severance |