This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **No. 35,789**

**EDDIE WUDARZEWSKI,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

**{1}** Defendant appeals from an on-the-record district court judgment affirming his metro court conviction for DWI (first offense). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Defendant continues to argue that his prosecution for DWI and related charges in metropolitan court was barred because these charges should have been joined in an earlier district court case where Defendant entered a plea to drug charges. *See, e.g.*, *State v. Gonzales*, 2013-NMSC-016, ¶¶ 26-33, 301 P.3d 380 (noting that compulsory joinder "is designed to protect a defendant's double-jeopardy interests" and the penalty for failing to comply with compulsory joinder requirements is to bar prosecution of the remaining charges).

**{3}** Because Defendant was originally tried in district court, the issue is whether the district court compulsory joinder rule required joinder of the present offenses. Rule 5-203(A) NMRA requires joinder where the offenses "(1) are of the same or similar character, even if not part of a single scheme or plan; or (2) are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan."

**{4}** Here, the current offenses were based on a traffic stop and the charge of DWI. In contrast, the drug offense was based on the discovery of drugs on Defendant's

person as he was being processed after his arrest. The offenses are not similar in character, and there is no unity of conduct that would connect them for purposes of requiring joinder. Although Defendant appears to argue [MIO 2] that we should expand our inquiry beyond the factors listed in Rule 5-203(A), we believe that the plain language of the Rule does not compel broader analysis.

{5}     We also conclude that the district court properly relied [RP 129] on *State v. Paiz*, 2011-NMSC-008, ¶ 17, 149 N.M. 412, 249 P.3d 1235, where the Supreme Court held that it was improper to join drug charges with those related to a shooting incident, even though the shooting incident led to a search of a residence and the discovery of drugs. Indeed, if the DWI and related offenses had been joined in the present case, Defendant could have relied on *Paiz* to require severance. Although Defendant suggests that the issue of joinder should have been left to his discretion [MIO 2], charging decisions are matters that are initially left to the discretion of the prosecutors. *See State v. Santillanes*, 2001-NMSC-018, ¶ 27, 130 N.M. 464, 27 P.3d 456 ("The Legislature has vested the district attorney with broad discretion . . . in its charging decisions[.]").

{6}     For the reasons set forth above, we affirm.

{7}     **IT IS SO ORDERED.**

3

 

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____

**LINDA M. VANZI, Chief Judge**


_____

**J. MILES HANISEE, Judge**

4