This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **No. A-1-CA-35957**

**ROBERT URQUIDI,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant Robert Urquidi appeals from his conviction for aggravated battery (great bodily harm). We proposed to affirm in a notice of proposed summary disposition, and Defendant filed a motion to amend the docketing statement and memorandum in opposition (MIO) to this Court's notice of proposed disposition. Having considered the arguments raised by Defendant in his MIO and remaining unpersuaded, we deny Defendant's motion to amend his docketing statement and affirm Defendant's conviction.

{2}     In his docketing statement, Defendant challenged the sufficiency of the evidence to support his conviction. [DS unpaginated 8] We proposed to conclude that the evidence presented at trial was sufficient to support Defendant's conviction. [CN 5] In response, Defendant does not address the sufficiency of the evidence to support his conviction [*see generally* MIO]; therefore, we deem this issue abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

{3}     Instead of addressing the sufficiency of the evidence, Defendant seeks to amend his docketing statement to argue that (1) the district court erred by refusing to instruct the jury on self-defense [MIO 1-10]; (2) admission of testimony by two witnesses was improper under Rule 11-403 NMRA [MIO 1, 10-12]; and (3) the district court erred

by enhancing his sentence based on three prior felony convictions [MIO 1, 13-14]. This Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 ("By viable, we meant to describe an argument that was colorable, or arguable, and to distinguish arguments that are devoid of any merit."), *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**Self-Defense Jury Instruction**

{4}     Appellate counsel asserts that trial counsel confirmed that he argued for a self-defense instruction and the district court denied the request. [MIO 1-2] Nevertheless, appellate counsel does not direct this Court to the written instruction that was tendered for the district court's consideration. *See* Rule 5-608(D) NMRA (stating that to

preserve an error for "failure to instruct on any issue, a correct written instruction must be tendered before the jury is instructed"); *State v. Jernigan*, 2006-NMSC-003, ¶ 10, 139 N.M. 1, 127 P.3d 537 ("Generally, to preserve error on a trial court's refusal to give a tendered instruction, the [a]ppellant must tender a legally correct statement of the law."); *State v. Lara*, 1990-NMCA-075, ¶¶ 28-30, 110 N.M. 507, 797 P.2d 296 (stating that in order to premise error on a refused instruction, the defendant must have tendered a legally correct statement of the law). Therefore, we conclude that this issue was not preserved. We note that Defendant also argues that the multiple-assailant instruction should have been given in addition to the self-defense instruction, and Defendant likewise does not demonstrate that this issue was preserved. [MIO 4] We will therefore limit our review of these jury instruction issues for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (providing that if a jury instruction issue has not been preserved, this Court reviews for fundamental error); *see also State v. Sandoval*, 2011-NMSC-022, ¶ 13, 150 N.M. 224, 258 P.3d 1016 (providing that when this Court reviews jury instructions for fundamental error, we will only reverse the jury verdict if doing so is "necessary to prevent a miscarriage of justice" (internal quotation marks and citation omitted)).

{5}     "The propriety of jury instructions given or denied is a mixed question of law and fact. Mixed questions of law and fact are reviewed de novo." *State v. Salazar*,

1997-NMSC-044, ¶ 49, 123 N.M. 778, 945 P.2d 996. "For a defendant to be entitled to a self-defense instruction . . . there need be only enough evidence to raise a reasonable doubt in the mind of a juror about whether the defendant lawfully acted in self-defense. If any reasonable minds could differ, the instruction should be given." *State v. Rudolfo*, 2008-NMSC-036, ¶ 27, 144 N.M. 305, 187 P.3d 170 (citation omitted). "A multiple assailant defense instruction should be issued when more than one assailant is involved in creating an immediate danger of death or great bodily harm toward the defendant." *Sandoval*, 2011-NMSC-022, ¶ 18. "If supported by the evidence, the defendant is entitled to a self-defense instruction in which the jury considers threatened harm from all assailants, not just the one against whom the defendant may have retaliated." *State v. Cooper*, 1999-NMCA-159, ¶ 11, 128 N.M. 428, 993 P.2d 745.

**{6}** Defendant asserts that the State's witnesses established sufficient evidence from which the jury could infer that Defendant acted in self-defense. [MIO 3] According to Defendant, there was evidence presented that Defendant and his girlfriend were sitting in Defendant's truck when Mario Lozano, the alleged victim, and Richard Suarez approached Defendant's truck, started banging on the windows, and were yelling at Defendant. [MIO 3] Defendant asserts that based on his girlfriend's testimony, Lozano was the first aggressor, and "[b]ecause of the banging and yelling,

she and [Defendant] were scared." [MIO 4] While the motion to amend provides that "[Defendant] is adamant that one of the two men outside opened the door, and at that point he had no choice but to defend himself" [MIO 4], it does not appear that this testimony was before the jury. [MIO 3-4] We further note that a number of the facts provided in the motion to amend are attributed to Defendant, and counsel has not indicated whether these facts were actually before the district court. [*See generally* MIO 1-10] We note that, unlike counsel, a defendant is not an officer of the Court and is not bound by a duty of candor towards the tribunal. We suggest that inclusion of information that has not been asserted as being before the district court is not an efficient use of counsel's or this Court's time, and this information is of little use in assessing whether this Court should grant Defendant's motion to amend. We therefore deny Defendant's motion to amend as non-viable for its failure to meet certain criteria that establishes good cause for our allowance of such amendment. *See Moore*, 1989-NMCA-073, ¶¶ 41-43; *Rael*, 1983-NMCA-081, ¶¶ 15-16 (identifying the criteria required to show good cause for amending a docketing statement and indicating that we will not grant motions to amend that raise non-viable issues).

**Unfair Prejudice Resulting From Certain Testimony**

{7} By his motion to amend, Defendant seeks to argue that the district court erred in admitting evidence of Defendant's telephone calls made from prison because they

6

were more prejudicial than probative. [MIO 10-12] While Defendant asserts that the district court instructed the witnesses not to give the dates of the telephone calls, Defendant has failed to show how he preserved this claim of error. We, therefore, deny Defendant's motion to amend as non-viable as to this issue. *Cf. State v. Rael-Gallegos*, 2013-NMCA-092, ¶ 39, 308 P.3d 1016 (declining to review Rule 11-403 claim that was not preserved).

**Enhancement of Sentence**

{8}     Defendant also seeks to argue that this case must be remanded for a hearing before the district court regarding the number of usable priors to enhance his sentence in the present case. [MIO 13-14] While the judgment and sentence provides that Defendant admitted that he is a habitual offender with three prior felony convictions, each occurring in Texas [RP 154-55], Defendant now seeks to challenge one of those felony convictions [MIO 13]. Even if Defendant did not object to the enhancements, "[a] trial court does not have jurisdiction to impose an illegal sentence on a defendant and, therefore, any party may challenge an illegal sentence for the first time on appeal." *State v. Paiz,* 2011-NMSC-008, ¶ 33, 149 N.M. 412, 249 P.3d 1235.

{9}     Defendant acknowledges that, on August 13, 2004, he was convicted of "Assault Family Violence," which is a felony in Texas. [MIO 13] However, he contends that without more detailed records, it is not possible to confirm that this

crime would have been a felony in New Mexico. [MIO 13] Additionally, he argues that, contrary to the prosecutor's assertion below that he served six years for this crime, he served two years, and that the ten-year limit expired a short time before the incident in the present case. [MIO 13] Again, the facts provided in the motion to amend are attributed to Defendant, and counsel has not indicated what evidence was actually before the district court. [MIO 13-14] Without sufficient information before this Court, we cannot conclude that this issue is viable. Accordingly, we deny Defendant's motion to amend his docketing statement on this basis as well.

{10}     For the reasons stated in this opinion, as well as those provided in our notice of proposed disposition, we affirm Defendant's conviction for aggravated battery (great bodily harm), and we deny Defendant's motion to amend his docketing statement.

{11}     **IT IS SO ORDERED.**

 

 

**J. MILES HANISEE, Judge**

**WE CONCUR:**

 

**LINDA M. VANZI, Chief Judge**

 

**JENNIFER L. ATTREP, Judge**