This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36538**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JEFFERY EERIC STOESSER**
**a/k/a JEFFERY EERIE STOESSER,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**M. ZAMORA, Chief Judge.**

**{1}**    Defendant Jeffrey Stoesser appeals his order of conditional discharge for aggravated DWI, contrary to NMSA 1978, Section 66-8-102(D)(1) (2010, amended

2016).[1] Defendant raises a single issue—whether the district court erred in entering a conditional discharge order listing the crime charged as aggravated driving while under the influence of liquor (DWI), when the jury was only instructed on and found him guilty of DWI under the impaired to the slightest degree standard. Additionally, we asked the parties to brief whether the district court may correct a purportedly illegal sentence when such issue has been raised by the State post-sentencing. We reverse Defendant's order of conditional discharge identifying his offense as aggravated DWI, and we remand with instructions to enter a judgment convicting Defendant of DWI under the impaired to the slightest degree standard and to enter a sentence in conformity with the applicable statutes.

**BACKGROUND**

**{2}**    On June 24, 2015, Deputy Michael Shannon of the Chaves County Sheriff's Office pulled Defendant over for speeding. Upon approaching Defendant's vehicle, Deputy Shannon smelled liquor inside the car and noticed Defendant had bloodshot, watery eyes and slurred speech. Defendant admitted to drinking a few beers and failed field sobriety tests. After being read the Implied Consent Act, Defendant refused to submit to chemical testing. Defendant was arrested and charged with aggravated DWI.

**{3}**    At Defendant's trial, the jury was instructed on DWI under the impaired to the slightest degree standard only. *See* UJI 14-4501 NMRA; § 66-8-102(A) ("It is unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle within this state."). The jury found Defendant guilty of the same. However, the order of conditional discharge entered by the district court indicated that Defendant was found guilty of aggravated DWI. This appeal followed.

**{4}**    Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of the case, we reserve further discussion of pertinent facts for our analysis.

**DISCUSSION**

**I.    The Jury's Verdict**

**{5}**    Defendant argues, and the State concedes, that this Court should reverse and remand "with instructions to enter an amended judgment and sentence, vacating [Defendant's] aggravated DWI conviction and replacing it with a recordation of the jury's conviction for DWI [under the impaired to the slightest degree standard]." Although we are not bound by the state's concession, *State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738, we accept it under the facts of this case.

---

[1]Defendant was also convicted of battery upon a peace officer, contrary to NMSA 1978, Section 30-22-24 (1971), and speeding, contrary to NMSA 1978, Section 66-7-301 (2002, amended 2015). Because Defendant does not challenge either of these convictions in this appeal, we do not address them further.

> The Fourteenth Amendment requires due process in criminal proceedings involving state statutes, and together with the Sixth Amendment right to a trial by jury, entitles a criminal defendant to a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.

*State v. Carpenter*, 2016-NMCA-058, ¶ 19, 374 P.3d 744 (internal quotation marks and citation omitted). Here, the jury only received instruction on and verdict forms for DWI under the impaired to the slightest degree standard. Therefore, the jury could not have found all of the elements of aggravated DWI beyond a reasonable doubt. Accordingly, we reverse Defendant's order of conditional discharge identifying his offense as aggravated DWI, and we remand with instructions to enter a judgment convicting Defendant of DWI under the impaired to the slightest degree standard.

## II.  The Conditional Discharge

**{6}**  The State contends that Defendant's sentence of a conditional discharge for DWI was illegal and suggests we should "reverse and remand for imposition of a statutorily compliant sentence." Without conceding that the sentence was illegal, Defendant contends that "there is no provision in the rules or common law to correct any allegedly illegal sentence as sought by the State under the circumstances of this case." We review the legality of a sentence de novo. *See State v. Lopez*, 2006-NMCA-079, ¶ 4, 140 N.M. 1, 138 P.3d 534 ("We subject the legality of a sentence to de novo review.").

**{7}**  As a threshold matter, however, Defendant argues the State was required to file a cross-appeal to comply with Rule 12-202 NMRA. "While the [s]tate may challenge an illegal sentence for the first time on appeal, the [s]tate must comply with the requirements of Rule 12-202 . . . in filing a cross-appeal under Rule 12-201 NMRA." *State v. Cook*, 2006-NMCA-110, ¶ 24, 140 N.M. 356, 142 P.3d 944. Nevertheless, we address the State's argument to promote judicial economy. *See State v. Bachicha*, 1991-NMCA-014, ¶ 18, 111 N.M. 601, 808 P.2d 51 (explaining that although the state must comply with Rule 12-202 and file a cross-appeal, this Court would address the state's challenge to the legality of a sentence "[f]or the purpose of judicial economy and to avoid the necessity for an additional appeal"). We therefore proceed to our discussion regarding the legality of Defendant's sentence.

**{8}**  "A [district] court does not have jurisdiction to impose an illegal sentence on a defendant and, therefore, any party may challenge an illegal sentence for the first time on appeal." *State v. Paiz*, 2011-NMSC-008, ¶ 33, 149 N.M. 412, 249 P.3d 1235. The State argues the district court did not have the authority to enter a conditional discharge order, and that Defendant's sentence conflicted with the statutory mandates. We agree.

**{9}**  Conditional discharge orders are governed by NMSA 1978, Section 31-20-13 (1994), which provides in relevant part that "[t]he court shall not enter a conditional discharge order for a person found guilty of driving a motor vehicle while under the influence of intoxicating liquor or drugs, pursuant to the provisions of Section 66-8-

102[.]" Section 31-20-13(C). As Defendant was convicted under Section 66-8-102, the district court was prohibited from entering a conditional discharge order. Therefore, Defendant's sentence was illegal. *See State v. Harris*, 1984-NMCA-003, ¶ 7, 101 N.M. 12, 677 P.2d 625 ("A sentence that is not authorized is an illegal sentence.").

**{10}** Furthermore, Defendant's sentence was governed by the sentencing provisions found in Section 66-8-102. Because this was his third DWI conviction, Defendant's sentence was required to include "a jail term of not less than thirty consecutive days, not less than ninety-six hours of community service and a fine of seven hundred fifty dollars ($750)[;]" participation in and completion of a substance abuse treatment or drug court program approved by the court; obtaining an ignition interlock device license; and having an ignition interlock device installed and operating on all motor vehicles he drives for a period of three years. Section 66-8-102(F)(2), (M), (O). However, Defendant's sentence did not include the requisite jail term, fine, or community service. Further, the district court required Defendant to have an ignition interlock device for only one year. Thus, Defendant's sentence was also illegal because it was in conflict with the sentencing provisions under Section 66-8-102. *See State v. Torres*, 2012-NMCA-026, ¶¶ 7-8, 10, 272 P.3d 689 (concluding a sentence was illegal when the district court erred in its application of the applicable sentencing statutes and sentenced the defendant "in direct conflict with" the mandate of one of the statutes); *Harris*, 1984-NMCA-003, ¶ 7 ("A sentence that is not authorized is an illegal sentence."); *see also State v. Chadwick-McNally*, 2018-NMSC-018, ¶ 24, 414 P.3d 326 ("A [district] court's power to sentence is derived exclusively from statute." (internal quotation marks and citation omitted)).

**{11}** While Defendant appears to argue the *district court* lacks authority to correct his sentence, this case presents a different question: whether this Court has the authority on appeal to correct an illegal sentence. *Compare Torres*, 2012-NMCA-026, ¶¶ 27, 37 (holding that the current version of Rule 5-801(A) NMRA "abrogated the common law principle that a district court has inherent and unlimited jurisdiction to correct illegal sentences[,]" and "reflects a clear intent to strictly limit the district court's jurisdiction to habeas corpus proceedings to correct an illegal sentence"), *with State v. Serna*, 2013-NMSC-033, ¶ 34, 305 P.3d 936 (recognizing that "a [district] court does not have jurisdiction to impose an illegal sentence on a defendant and, therefore, any party may challenge an illegal sentence for the first time on appeal"). As discussed above, we do have that authority.

**CONCLUSION**

**{12}** We reverse Defendant's order of conditional discharge identifying his offense as aggravated DWI, and we remand with instructions to enter a judgment convicting Defendant of DWI under the impaired to the slightest degree standard and to enter a sentence in conformity with the applicable statutes.

**{13}   IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**