This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-35882**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**OSHAY LECHARLES TONEY
a/k/a OSHAY LA CHARLES TONEY,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals his convictions for shooting at a motor vehicle (great bodily harm), in violation of NMSA 1978, Section 30-3-8(B) (1993), and aggravated assault with a deadly weapon, in violation of NMSA 1978, Section 30-3-2(A) (1963). He raises three arguments on appeal, as discussed below. We affirm.

**BACKGROUND**

**{2}** This case arises out of a violent confrontation between Defendant Oshay Toney (Defendant), Codefendant Thomas Stevenson (Codefendant), and Marvin Ellis (Victim). During the confrontation more than twenty shots were fired into the vehicle Victim was driving (SUV), with both Defendant and Codefendant firing multiple shots. Defendant claimed he fired in self-defense. He provided evidence that Victim was pointing a gun at him, so he began shooting at the SUV. The State introduced contrary evidence indicating that Victim did not have a gun in his hand when the shooting began. The jury rejected Defendant's version of the events and convicted him of felony murder, voluntary manslaughter, shooting at a motor vehicle resulting in great bodily harm, and aggravated assault with a deadly weapon. The latter conviction was based on the fact that the owner of the SUV was in the passenger seat at the time the shooting began, although she was not hit because Victim pushed her out of the vehicle after the first shots were fired. Subsequently, the district court vacated the felony-murder and voluntary manslaughter convictions on legal grounds not relevant to this opinion. Further facts will be provided as they are relevant to each issue discussed below.

### Rule 11-404(A)(2)(b)(ii) NMRA

**{3}** Defendant argues that the district court erred in its interpretation of Rule 11-404(A)(2)(b)(ii), concerning admission of evidence of prior violent acts by Defendant. This issue was raised in the appeal pursued by Codefendant, and addressed in our opinion in that case. *State v. Stevenson*, ___-NMCA-___, ¶¶ 21-33, ___ P.3d ___. Defendant is in the same position with respect to this issue as Codefendant, except that the only evidence of prior violent conduct introduced against Defendant was a single prior felony conviction. For the reasons stated in *Stevenson*, we hold that Defendant did not establish on the record that he was prejudiced by the district court's erroneous interpretation of the rule, that he was inhibited in his presentation of evidence of prior violent acts of Victim, or that he was denied the ability to present his self-defense claim.

### Claimed *Brady* Violation

**{4}** As did Codefendant, Defendant maintains the prosecution violated the requirements of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), by failing to disclose that one of the State's key witnesses had been arrested a few days after she testified. The arrest was for reasons unrelated to this case but could have been useful for impeachment purposes. However, Defendant does not point to anything in the record on appeal that indicates this issue was preserved below. Defendant does state that it appears the issue was raised orally during the sentencing hearing that occurred on July 30, 2016, but the transcript of that hearing was not included in the record proper on appeal. Defendant requests that "if deemed necessary by the Court, the record be further supplemented with the transcript from June 30, 2016." However, "[i]t is [the] defendant's burden to bring up a record sufficient for review of the issues he raises on appeal." *State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195. We therefore decline Defendant's request.

**{5}** We do note there is some indication in Codefendant's record proper that the failure to disclose issue may have been raised at the sentencing hearing. In responding to Codefendant's written motion raising the issue, the State asserted that the "same motion" was made orally at Codefendant's sentencing hearing, and denied by the district court. Also, as Defendant states, the docketing statement in this case asserts that the argument was raised at the sentencing hearing as part of a motion for new trial. In *Stevenson*, we held that Codefendant's motion was not sufficient to raise a *Brady* claim. *Stevenson*, ___-NMCA-___, ¶ 17. Similarly here, the docketing statement indicates the issue raised was a newly discovered evidence claim, as well as a general "interests of justice" argument. In addition, to the extent the State was correct and the "same motion" was made orally in this case as the one submitted in writing by Codefendant, neither motion was sufficient to raise the *Brady* claim now argued by Defendant on appeal, for the reasons stated in *Stevenson*. *See id.* In sum, we hold that to the extent we can discern what argument was made below concerning the disclosure issue, the argument did not preserve this claim, and we will not address it. *See State v. Paiz*, 2011-NMSC-008, ¶ 33, 149 N.M. 412, 249 P.3d 1235 ("On appeal we only consider issues raised in the trial court unless the issues involve matters of jurisdictional or fundamental error."). We also note that while we considered the possibility of fundamental error in *Stevenson*, ___-NMCA-___, ¶ 18, we do not have enough of a record to engage in the same type of analysis here. We therefore affirm on this issue on the basis of lack of preservation.

**Sufficiency of the Evidence**

**{6}** Defendant argues there was not sufficient evidence to find him guilty beyond a reasonable doubt, and that a new trial must be granted because the great weight of the evidence was clearly in his favor. Defendant points specifically to the testimony of Victim's girlfriend (Girlfriend), who was a passenger in the SUV when the shooting started. Defendant argues that Girlfriend was the only witness who directly testified that Victim did not have a gun in his hand when Defendant began to shoot at the SUV and points to many inconsistencies in Girlfriend's testimony that cast doubt on her veracity. As Defendant acknowledges, however, it was the jury's job to assess the credibility of the witnesses and to decide who was telling the truth. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). The testimony of a single witness constitutes sufficient evidence to uphold a conviction. *See, e.g., State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333.

**{7}** In addition, Girlfriend's testimony was indirectly corroborated by other evidence in the case. For example, a completely disinterested witness who was observing the events from a window testified that the confrontation seemed to have been defused and the SUV was backing out of the driveway when Defendant fired multiple shots at the vehicle. The same witness testified that he did not see anything such as a gun sticking out of the window of the SUV, although the window was a third or a quarter of the way open.

**{8}** Viewing the evidence in the light most favorable to the verdict, as we must, *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176, we hold the evidence was sufficient to support Defendant's convictions.

**CONCLUSION**

**{9}** Based on the foregoing, we affirm.

**{10} IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**