# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2022-NMCA-005

Filing Date: August 26, 2021

No. A-1-CA-38623

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GERALD NOTAH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Lyndy D. Bennett, District Judge**

Certiorari Denied, January 11, 2022, No. S-1-SC-39016. Released for Publication
February 22, 2022.

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**BOGARDUS, Judge.**

**{1}**     Defendant Gerald Notah appeals his conviction, following a jury trial, for attempt to commit second-degree criminal sexual contact of a minor (CSCM) under thirteen years of age, NMSA 1978, § 30-9-13(B)(1) (2003), in violation of NMSA 1978, Section 30-28-1(B) (1963). Defendant argues that (1) insufficient evidence supports his conviction, (2) the district court erred by denying his request for a jury instruction for a lesser included offense of attempt to commit third-degree CSCM under thirteen years of

age, (3) the jury instruction listing the elements of second-degree CSCM constitutes fundamental error, and (4) Defendant's sentence to sex offender probation amounts to an illegal sentence. The State concedes that the district court erred by sentencing Defendant to sex offender probation and additionally raises the issue and concedes that the district court erred by sentencing Defendant to sex offender parole. The State also contends that the district court imposed an illegal sentence by sentencing Defendant to a period of incarceration less than the minimum required by the Criminal Sentencing Act. For the reasons that follow, we reverse Defendant's sentence, remand to the district court for resentencing, and otherwise affirm.

## BACKGROUND

{2}    The following was presented at trial. Victim was seven years old in December 2016. On the night in question, Victim's parents were out of town. Victim's grandmother and her step-grandfather, Defendant, were babysitting Victim and her siblings, including Victim's baby brother.

{3}    Victim testified that Defendant entered the room where she was sleeping, lifted the blanket off her, pulled down her pajama pants and underwear, pulled down his own pants, and rubbed her arm while masturbating. Victim further testified that Defendant then walked to the other side of the bed, laid down next to her, and continued masturbating while rubbing her upper ribs over her shirt. Victim testified that she was afraid that Defendant was going to "touch [her] private parts and . . . do weird stuff" to her. When she moved her body and pretended to wake up, Defendant got up quickly and left the bedroom.

{4}    Victim's father (Father) testified that after he returned home, Victim told him about the incident with Defendant. At Father's request, Defendant and Victim's grandmother met with Father at Father's office the next day to discuss what happened. According to Father, Defendant admitted to trying to touch Victim and to masturbating in front of Victim.

{5}    Defendant's version of events differed significantly from Victim's. He testified that on the night in question, he entered the room where Victim was sleeping because he needed to change the baby's diaper and the supplies were stored in that bedroom. Defendant claimed he merely touched Victim on the arm to move her aside and make room to change the baby's diaper on the bed. Defendant denied undressing Victim, masturbating in front of her, and touching her anywhere other than on her arm. Additionally, Defendant denied confessing to any wrongdoing when Father accused him of "playing with [him]self" in front of Victim.

## DISCUSSION

## I. Sufficient Evidence Supports Defendant's Conviction for Second Degree CSCM

**{6}** Defendant claims that insufficient evidence supports his conviction for attempt to commit second-degree CSCM under thirteen years of age. Specifically, he contends there was "no evidence" and "only speculation" that Defendant intended to touch Victim on an unclothed intimate part, pointing to Victim's testimony that Defendant only actually touched her on non-intimate parts.

**{7}** "Whether there is sufficient evidence to support a conviction is a question of law which we review de novo." *State v. Neal*, 2008-NMCA-008, ¶ 20, 143 N.M. 341, 176 P.3d 330. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, 478 P.3d 880. We "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We measure the sufficiency of the evidence against the jury instructions given, which become the law of the case. *State v. Jackson*, 2018-NMCA-066, ¶ 22, 429 P.3d 674.

**{8}** "The inchoate crime of attempt to commit a felony 'consists of an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission.' " *State v. Green*, 1993-NMSC-056, ¶ 21, 116 N.M. 273, 861 P.2d 954 (quoting Section 30-28-1). In this case, the felony at issue was second-degree CSCM under thirteen years of age. Accordingly, the State had the burden to prove three elements beyond a reasonable doubt in order for the jury to convict Defendant of attempt to commit second-degree CSCM under thirteen: (1) Defendant intended to commit the crime of second-degree CSCM under thirteen years of age; (2) Defendant began to do an act, which constituted a substantial part of second-degree CSCM under thirteen years of age, but failed to commit second-degree CSCM under thirteen years of age; and (3) the attempt happened in New Mexico on or about December 8 and 9, 2016. Defendant challenges the first element, arguing that there was "no evidence [rather] only speculation" that Defendant intended to touch any of Victim's intimate parts.

**{9}** We look to the evidence presented at trial to determine whether sufficient evidence supports the jury's finding that Defendant intended to commit the crime of second-degree CSCM under thirteen years of age. "The crime of attempt to commit a felony is a specific intent crime." *State v. Johnson*, 1985-NMCA-074, ¶ 10, 103 N.M. 364, 707 P.2d 1174. We recognize that "[s]pecific intent . . . can seldom be proven by direct evidence[.]" *Green*, 1993-NMSC-056, ¶ 21. Therefore, we analyze Defendant's

intent through "the reasonable inferences shown by the evidence and the surrounding circumstances. If there are reasonable inferences and sufficient circumstances then the issue of intent becomes a question of fact for the [fact-finder]." *Id.* (internal quotation marks and citation omitted). Proof of a fact may be based on reasonable inferences from the evidence, but it may not be based on pure speculation. *See State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 (explaining that "an inference must be linked to a fact in evidence" and "is more than a supposition or conjecture" (internal quotation marks and citation omitted)); *see also* UJI 14-6006 NMRA (explaining that a "verdict should not be based on speculation, guess or conjecture").

**{10}** In this case, Victim testified that Defendant entered the room where she was sleeping, lifted the blanket off her, pulled down her pajama pants and underwear, pulled down his own pants, and rubbed her arm while masturbating. Victim testified that Defendant then walked to the other side of the bed, laid down next to her, and continued masturbating while rubbing her upper ribs over her clothing. Victim testified that she was afraid that Defendant was going to "touch [her] private parts and . . . do weird stuff" to her. When she moved her body and pretended to wake up, Defendant got up quickly and left the bedroom.

**{11}** From this conduct—partially undressing Victim, masturbating next to her, touching her, and lying down next to her while continuing to masturbate and touch her— the jury could conclude beyond a reasonable doubt that Defendant intended to commit second-degree CSCM by touching Victim's unclothed intimate parts. We note that although Defendant's admissions to Father were certainly relevant, Victim's testimony alone provided sufficient evidence to support Defendant's conviction. *See State v. Hunter*, 1933-NMSC-069, ¶ 6, 37 N.M. 382, 24 P.2d 251 ("[T]he testimony of a single witness may legally suffice as evidence upon which the jury may found a verdict of guilt."); *see also State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 (stating that the testimony of a single witness is sufficient for a conviction).

## II. The District Court Properly Denied Defendant's Proposed Jury Instruction for Attempt To Commit Third-Degree CSCM as a Lesser Included Offense

**{12}** Defendant argues that the district court erred by denying Defendant's request for a jury instruction for a lesser included offense of attempt to commit third-degree CSCM under thirteen years of age. Specifically, Defendant contends that (1) third-degree CSCM under thirteen years of age is a necessarily included offense for second-degree CSCM under thirteen years of age because the lesser charge criminalizes "all" contact with a child victim's intimate parts and the greater charge criminalizes contact with a child victim's "unclothed" intimate parts; and (2) because Victim testified that Defendant touched her ribs while masturbating, the evidence "tends to better prove an intent to touch [Victim's] breast area, which . . . [remained] clothed[,]" thus supporting a third-degree rather than second-degree charge. Even assuming without deciding that Defendant's tendered jury instruction properly preserved this issue, we remain unpersuaded.

**{13}** "We review the propriety of a district court's refusal to instruct on a lesser[] included offense under a de novo standard." *State v. Munoz*, 2004-NMCA-103, ¶ 10, 136 N.M. 235, 96 P.3d 796. On review, we view the evidence "in the light most favorable to the giving of the requested instruction." *State v. Henley*, 2010-NMSC-039, ¶ 25, 148 N.M. 359, 237 P.3d 103 (internal quotation marks and citation omitted).

**{14}** As this Court previously explained, the purpose behind a defendant's request for a lesser included offense instruction

> is to protect the defendant from the possibility that jurors who are not convinced of his guilt of the charged offense would nonetheless convict him of the offense because they are convinced that he committed a crime (the lesser[]included offense) and believe that he should be punished but are presented with an all-or-nothing choice between convicting of the charged offense or acquittal.

*State v. Andrade*, 1998-NMCA-031, ¶ 11, 124 N.M. 690, 954 P.2d 755. Accordingly, when a court fails to give an appropriate lesser included offense instruction, "[t]here is a legitimate concern that conviction of the greater offense may result because acquittal is an alternative that is unacceptable to the jury." *Id.* (internal quotation marks and citation omitted).

**{15}** In *State v. Meadors*, our Supreme Court endorsed the cognate approach to determine whether a lesser included offense instruction should be given. 1995-NMSC-073, ¶ 12, 121 N.M. 38, 908 P.2d 731. Under the cognate approach, a trial court should grant a request for the instruction if

> (1) the defendant could not have committed the greater offense in the manner described in the charging document without also committing the lesser offense, and therefore notice of the greater offense necessarily incorporates notice of the lesser offense; (2) the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense; and (3) the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser.

*Id.*

**{16}** We need only analyze the first and third factors to conclude that Defendant was not entitled to a lesser included offense instruction on third-degree CSCM under thirteen. We explain.

**{17}** Examining the first factor, whether Defendant could have committed the greater offense without also committing the lesser offense, we conclude that the elements of the crimes differ in such a way that each may be committed without necessarily committing the other.

**{18}** In *State v. Arvizo*, our Supreme Court discussed the differences between third-degree and second-degree CSCM with child victims aged thirteen to eighteen years. 2018-NMSC-026, ¶ 14, 417 P.3d 384. Our Supreme Court stated that "[t]hird-degree CSCM is identical to second-degree CSCM except that the child victim is clothed." *Id.* In relevant part, the CSCM statute states:

> Criminal sexual contact of a minor in the *second degree* consists of all criminal sexual contact of the *unclothed* intimate parts of a minor perpetrated:
>
> > (1)     on a child under thirteen years of age; or
> >
> > (2)     on a child thirteen to eighteen years of age when [certain aggravating factors are met.] . . .
>
> Criminal sexual contact of a minor in the *third degree* consists of *all* criminal sexual contact of a minor perpetrated:
>
> > (1)     on a child under thirteen years of age; or
> >
> > (2)     on a child thirteen to eighteen years of age when [certain aggravating factors are met.]

Section 30-9-13(B), (C) (emphases added). Thus, the statutory language that creates a greater crime based on the unclothed status of the child victim's intimate parts for CSCM thirteen to eighteen *also* distinguishes between the degrees of CSCM under thirteen years of age. *See id.* Because the statutory language is the same, we presume it has the same meaning when differentiating between degrees of CSCM committed against children under thirteen as it does when differentiating between degrees of CSCM committed against children thirteen to eighteen. Therefore, we follow our Supreme Court's interpretation of this statutory language in *Arviso*, 2018-NMSC-026, ¶ 14, and conclude that third-degree CSCM under thirteen years of age is identical to second-degree CSCM under thirteen years of age except that the child victim is clothed.

**{19}** Having determined that third-degree and second-degree CSCM under thirteen years of age differ solely on the element of whether the child victim was clothed or unclothed, we apply the first element of the cognate approach from *Meadors*, 1995-NMSC-073, ¶ 12. As the State succinctly points out, "[a] body part is either clothed or it is unclothed." Because a body part is either clothed or unclothed, second and third-degree CSCM under thirteen years of age contain separate elements. Therefore, the statutory elements of the lesser crime are distinct and not merely "a subset of the statutory elements of the charged crime[,]" *id.*, and, consequently, we hold that third-degree CSCM under thirteen is not a lesser included offense of second-degree CSCM under thirteen.

**{20}** Examining the third factor, we conclude that, based on the evidence presented at trial, a rational juror could not acquit Defendant of the greater offense and convict him of the lesser offense. As described above, the element distinguishing between the two degrees of CSCM under thirteen years of age is whether the child victim's intimate part was clothed or unclothed. Thus, in order for Defendant to be entitled to a lesser included instruction, the element of whether the attempted touching was of clothed or unclothed intimate parts must be sufficiently in dispute for a rational juror to acquit Defendant of the greater offense and convict him of the lesser offense. *See id.*

**{21}** Here, the jury was presented with two differing accounts of the incident. Victim testified that Defendant undressed her from the waist down and laid next to her on the bed, masturbating, and touching her arm and ribs. Victim further testified that she was afraid that Defendant was going to "touch [her] private parts." In contrast, Defendant claimed he never undressed Victim, never masturbated in her presence, and never touched her anywhere other than on her arm. Although Defendant presented arguments to the district court about the applicability of a charge based on an attempt to touch a clothed body part, no evidence was presented to the jury supporting a theory of an attempt to touch only clothed and not unclothed intimate parts. "We will not fragment the testimony to such a degree as to distort it in order to construct a view of the evidence which would support the giving of the instruction." *State v. Gaitan*, 2002-NMSC-007, ¶ 24, 131 N.M. 758, 42 P.3d 1207 (omission, internal quotation marks, and citation omitted). Because we will not fragment Victim's testimony, we see no reasonable view of the evidence that would support a jury finding that Defendant partially *undressed* Victim in an attempt to touch a *clothed* intimate part of her body but *not* an unclothed intimate part.

**{22}** For these reasons, we conclude that the district court did not err in denying Defendant's requested jury instruction to include attempt to commit third-degree CSCM under thirteen years of age as a lesser included offense to the charged crime of attempt to commit second-degree CSCM under thirteen years of age.

### III. The Jury Instruction for Attempt to Commit Second-Degree CSCM Under Thirteen Does Not Amount to Fundamental Error

**{23}** Defendant argues that the jury instruction describing the elements of second-degree CSCM under thirteen failed to properly state the "unclothed" element because the language describing attempted contact with "the unclothed mons veneris and/or the undeveloped breast area" allowed the jury to convict Defendant based on attempted contact with Victim's *clothed* undeveloped breast area. Specifically, Defendant argues that because "undeveloped breast area" is preceded by the word "the," the word "unclothed" modifies only "mons veneris" and does not modify "undeveloped breast area." "The standard of review we apply to jury instructions depends on whether the issue has been preserved. If the error has been preserved[,] we review the instructions for reversible error. If not, we review for fundamental error. Under both standards we seek to determine whether a reasonable juror would have been confused or misdirected by the jury instruction." *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d

1134 (internal quotation marks and citations omitted). Defendant concedes that he did not preserve the issue by objecting to the language of the given instruction, therefore, we review for fundamental error.

**{24}** We remain unpersuaded that the given jury instruction amounts to fundamental error because (1) the instruction was consistent with the applicable Uniform Jury Instruction (UJI); (2) each time that the instruction was read aloud to the jury, the word "the"—which Defendant claims created fundamental error—was omitted; and (3) to the extent that the instruction may have been erroneous, such error was technical in nature.

**{25}** "Under the doctrine of fundamental error, an appellate court has the discretion to review an error that was not preserved in the trial court to determine if a defendant's conviction shocks the conscience because either (1) the defendant is indisputably innocent, or (2) a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused." *State v. Astorga*, 2015-NMSC-007, ¶ 14, 343 P.3d 1245 (alteration, internal quotation marks, and citation omitted). "Under this standard, we must determine whether a reasonable juror would have been confused or misdirected . . . from instructions which, through omission or misstatement, fail to provide the juror with an accurate rendition of the relevant law." *State v. Samora*, 2016-NMSC-031, ¶ 27, 387 P.3d 230 (internal quotation marks and citation omitted). We exercise our discretion to apply the doctrine of fundamental error "very guardedly, and only where some fundamental right has been invaded, and never in aid of strictly legal, technical, or unsubstantial claims[.]" *Cunningham*, 2000-NMSC-009, ¶ 12 (internal quotation marks and citation omitted).

**{26}** First, the given jury instruction was consistent with the UJI for second-degree CSCM under thirteen years of age. The use note for UJI 14-925 NMRA for second-degree and third-degree CSCM under thirteen years of age directs the district court to "[n]ame *one or more* of the following parts of the anatomy touched[,]"and the UJI itself includes the term "unclothed" in brackets, consistent with the unclothed element of second-degree CSCM under thirteen years of age. UJI 14-925 use note 2 (emphasis added); UJI 14-925. Thus, for second-degree CSCM under thirteen years of age, the UJI requires a finding beyond a reasonable doubt that Defendant "touched or applied force to the unclothed" intimate part *or parts* at issue. UJI 14-925. Here, evidence implicated Defendant's intent to touch multiple intimate parts on Victim's body, and the given instruction reflected the multiple intimate parts at issue. Therefore, the given instruction was consistent with the applicable UJI.

**{27}** Second, the instruction at issue was read aloud to the jury three times—once by the district court and twice by the State during closing arguments—each time omitting the word "the" before the phrase "undeveloped breast area." Stated differently, the district court and the State's recitation of the instruction omitted the word that Defendant claims constituted fundamental error. When reviewing jury instructions, we seek to "determine whether a reasonable juror would have been confused or misdirected . . . [and] consider jury instructions as a whole, not singly." *State v. Montoya*, 2003-NMSC-004, ¶ 23, 133 N.M. 84, 61 P.3d 793 (citation omitted). Even assuming without deciding

that the addition of the word "the" before the phrase "undeveloped breast area" modified the meaning of the instruction in any way, we look to the instructions given as a whole and conclude that a reasonable juror would not have been confused or misdirected by the addition of the word "the" in the written version of the jury instruction.

{28}  Third, to the extent that the inclusion of the word "the" before the phrase "undeveloped breast area" may have been in error, such error was technical in nature, and we do not exercise our discretion to apply the doctrine of fundamental error "in aid of strictly legal, technical, or unsubstantial claims[.]" *Cunningham*, 2000-NMSC-009, ¶ 12 (internal quotation marks and citation omitted).

{29}  For the above reasons, we hold that the given instruction did not constitute fundamental error.

## IV.    The District Court Imposed an Illegal Sentence

{30}  Defendant contends that his sentence to sex offender probation amounts to an illegal sentence. The State concedes that the district court erred by sentencing Defendant to sex offender probation and additionally raises the issue and concedes that the district court erred by sentencing Defendant to sex offender parole. The State also contends that the district court imposed an illegal sentence by sentencing Defendant to a period of incarceration less than the basic sentence for a third-degree felony for a sexual offense against a child, as required by NMSA 1978, Section 31-18-15(A)(9) (2016, amended 2019).[1]

{31}  "A trial court's power to sentence is derived exclusively from statute." *State v. Martinez*, 1998-NMSC-023, ¶ 12, 126 N.M. 39, 966 P.2d 747. "Statutory interpretation is a question that this Court reviews de novo." *State v. Martinez*, 2006-NMCA-068, ¶ 5, 139 N.M. 741, 137 P.3d 1195. "In interpreting a statute, our primary objective is to give effect to the Legislature's intent." *State v. Trujillo*, 2009-NMSC-012, ¶ 11, 146 N.M. 14, 206 P.3d 125. "When the language in a statute is clear and unambiguous, we give effect to that language and refrain from further statutory interpretation." *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50.

{32}  "In imposing a sentence or sentences upon a defendant, the trial judge is invested with discretion as to the length of the sentence, whether the sentence should be suspended or deferred, or made to run concurrently or consecutively *within the guidelines imposed by the Legislature*." *State v. Duran*, 1998-NMCA-153, ¶ 41, 126 N.M. 60, 966 P.2d 768 (emphasis added), *abrogated on other grounds by State v. Laguna*, 1999-NMCA-152, ¶ 23, 128 N.M. 345, 992 P.2d 896. "Because a trial court does not have subject-matter jurisdiction to impose a sentence that is illegal, the legality of a sentence need not be raised in the trial court." *State v. Trujillo*, 2007-NMSC-017, ¶ 8, 141 N.M. 451, 157 P.3d 16.

---

[1]All references to Section 31-18-15 in this opinion are to the 2016 version of the statute.

## A. The District Court Erred by Sentencing Defendant to Sex Offender Parole and Probation

**{33}** Although we are not bound by the State's concessions, we conclude that Defendant's sentence to sex offender parole and probation must be reversed. *See State v. Guerra*, 2012-NMSC-027, ¶ 9, 284 P.3d 1076 (stating that an appellate court is not bound by the state's concession of an issue).

**{34}** NMSA 1978, Sections 31-20-5.2(F) (2003) and 31-21-10.1(I) (2007) define a "sex offender," for the purposes of sex offender probation and parole, as "a person who is convicted of, pleads guilty to or pleads nolo contendere to any one of [a list of enumerated] offenses[.]" While CSCM is among the enumerated offenses triggering a sentence to sex offender probation or parole, *attempt* to commit CSCM is not included among the offenses. Because "the language in [the] statute is clear and unambiguous, we give effect to that language and refrain from further statutory interpretation." *Duhon*, 2005-NMCA-120, ¶ 10. Given that attempt to commit CSCM under thirteen years of age is not among the enumerated offenses triggering sex offender probation or parole, we hold that the district court erred when it imposed a sentence to sex offender probation and parole instead of a sentence in accordance with the general probation and parole statutes.

## B. The District Court Erred by Failing to Comply With the Criminal Sentencing Act

**{35}** The State also contends that the district court imposed an illegal sentence by sentencing Defendant to a period of incarceration less than the basic sentence for a third-degree felony for a sexual offense against a child. Defendant argues that this Court lacks jurisdiction to address the issue raised by the State. Concluding, for the reasons stated below, that this Court has jurisdiction to review the issue, we hold that Defendant's term of incarceration amounts to an illegal sentence because the district court imposed the incorrect basic sentence.

**{36}** As a preliminary matter, we note that this Court maintains the authority to correct an illegal sentence because "[a district] court does not have jurisdiction to impose an illegal sentence on a defendant and, therefore, *any party* may challenge an illegal sentence for the first time on appeal." *State v. Paiz*, 2011-NMSC-008, ¶ 33, 149 N.M. 412, 249 P.3d 1235 (emphasis added). In order to promote "judicial economy and to avoid the necessity for an additional appeal," this Court may address the State's illegal sentence claim when made on appeal, despite the State's failure to file a cross appeal. *See State v. Bachicha*, 1991-NMCA-014, ¶ 18, 111 N.M. 601, 808 P.2d 51.

**{37}** To the extent that Defendant relies on the Rules of Criminal Procedure for District Courts to argue that this Court lacks the jurisdiction to address the State's claim regarding an illegal sentence, we remain unpersuaded. The district court rules on which Defendant relies—rules regarding motions for a reduction of sentence, a writ of habeas corpus, or a petition for post-sentence relief—by their very nature apply to district courts

and not this Court. Although a district court's ability to correct an illegal sentence is limited, *see* Rule 5-801 NMRA, this Court is not similarly restrained when reviewing a claim of an illegal sentence, which may be raised for the first time by any party on appeal. *Paiz*, 2011-NMSC-008, ¶ 33. Having determined that this Court has jurisdiction to address the issue, we turn to Defendant's sentence.

**{38}** "The appropriate basic sentence of imprisonment shall be imposed upon a person convicted" of a noncapital felony. Section 31-18-15(B). In relevant part, the Criminal Sentencing Act mandates that a basic sentence for a third-degree felony shall be three years imprisonment, § 31-18-15(A)(11), unless the third-degree felony is "a sexual offense against a child," in which case the basic sentence shall be six years imprisonment. Section 31-18-15(A)(9).

**{39}** The jury found Defendant guilty of attempt to commit second-degree CSCM under thirteen years of age, a third-degree felony, § 30-9-13(B)(1), contrary to Section 30-28-1(B). *See* § 30-28-1(B) ("[I]f the crime attempted is a second[-]degree felony, the person committing such attempt is guilty of a third[-]degree felony[.]"). Based on the plain language of the CSCM statute and the Criminal Sentencing Act, Defendant's crime, although incomplete, was "a sexual offense against a child." *See* § 31-18-15(A)(9); § 30-9-13(B)(1). Thus, the district court was required to impose a basic sentence of six years. Because the district court imposed only a basic sentence of three years, we hold that Defendant's basic sentence was an illegal sentence.

## CONCLUSION

**{40}** For the above reasons, we reverse Defendant's sentence, remand to the district court for resentencing consistent with this opinion, and otherwise affirm.

**{41}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**