This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38810

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**NATHAN LEYBA,**

Defendant-Appellee.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Yvette K. Gonzales, Metropolitan Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellant

Advise | A Modern Law Firm
Julio P. Garcia
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** The State appeals the metropolitan court's orders granting Defendant's motion to suppress and dismissing the criminal complaint with prejudice, asserting that the court erred by concluding the sobriety checkpoint was unconstitutional. We agree with the

State that the evidence was insufficient to demonstrate the checkpoint was constitutionally unreasonable, and we therefore reverse the ruling of the trial court.[1]

## BACKGROUND

**{2}**     Defendant was stopped at a sobriety checkpoint and later charged with driving while intoxicated (DWI). Defendant filed various suppression motions asserting that the checkpoint was constitutionally unreasonable. The trial court ruled that although the factors set forth in *City of Las Cruces v. Betancourt*, 1987-NMCA-039, ¶¶ 13-21, 105 N.M. 655, 735 P.2d 1161, were initially satisfied, they were invalidated by the actions of Officer Hernandez, the officer who interacted with Defendant at the checkpoint. The trial court granted Defendant's motion to suppress, concluding that Officer Hernandez overstepped the boundaries that were set in place by Sergeant Ward to limit officer discretion and protect the validity of the checkpoint.

## DISCUSSION

**{3}**     "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Paananen*, 2015-NMSC-031, ¶ 10, 357 P.3d 958 (internal quotation marks and citation omitted). The appellate court reviews "factual matters with deference to the [trial] court's findings if substantial evidence exists to support them, and it reviews the [trial] court's application of the law de novo." *State v. Almanzar*, 2014-NMSC-001, ¶ 9, 316 P.3d 183. The constitutionality of a sobriety checkpoint is a question of law we review de novo. *See State v. Duarte*, 2007-NMCA-012, ¶ 31, 140 N.M. 930, 149 P.3d 1027.

**{4}**     A sobriety checkpoint "is constitutionally permissible so long as it is reasonable within the meaning of the [F]ourth [A]mendment." *Betancourt*, 1987-NMCA-039, ¶ 24. Ultimately, our determination "is basically one of reasonableness." *Id.* ¶ 9; *accord Duarte*, 2007-NMCA-012, ¶ 36 (explaining that the ultimate question "is that of the reasonableness of the roadblock"). "Reasonableness depends upon a balance of the gravity of the governmental interest or public concern served by the roadblock against the severity of the interference with individual liberty, security, and privacy resulting from the roadblock." *Duarte*, 2007-NMCA-012, ¶ 32 (alteration, internal quotation marks, and citation omitted). "In determining the reasonableness of a roadblock, all eight *Betancourt* factors must be considered. *See State v. Madalena*, 1995-NMCA-122, ¶ 26, 121 N.M. 63, 908 P.2d 756 ("[A] sobriety checkpoint conducted in substantial compliance with the eight *Betancourt* factors is constitutional under the New Mexico Constitution.").

**{5}**     In the present case, the only *Betancourt* factor in dispute is that of the restrictions on the discretion of field officers, a factor that can be dispositive. *See id.* ¶¶ 26, 32 (explaining that when "determining the reasonableness of a roadblock," the only potentially dispositive factor is "the role of supervisory personnel and the restrictions on discretion of field officers"). The State asserts the checkpoint was constitutionally reasonable and that the evidence presented at the suppression hearing does not

---

[1]All references to the trial court herein refer to the metropolitan court.

support a conclusion that Officer Hernandez impermissibly deviated from the restrictions on officer discretion. Defendant does not challenge the reasonableness of the checkpoint instructions, which among other things did not permit Officer Hernandez to request or gather documents during her encounters during the checkpoint. Rather, Defendant claims that Officer Hernandez exceeded the limits placed on officer discretion by identifying Defendant by his driver's license and by expanding the scope of the stop into a DWI investigation when no immediate evidence of impairment or alcohol was present. Indulging in all reasonable inferences in support of the trial court's decision, as we must, *State v. Martinez*, 2018-NMSC-007, ¶¶ 14-15, 410 P.3d 186, we determine the evidence presented does not support the trial court's conclusion that the sobriety checkpoint—in this case, gauged by the manner in which Officer Hernandez interacted with Defendant—was unconstitutional.

**{6}** Officer Hernandez testified to two different versions of the actions she took when she approached Defendant's vehicle. At the suppression hearing, Officer Hernandez testified that "she smelled the odor of alcohol right away," and Defendant admitted to drinking. She stated that she then asked Defendant to exit the vehicle so she could ascertain whether it was safe for him to drive. Officer Hernandez's testimony, however, was impeached by her written police report and by her previous testimony at the implied consent hearing, where she had stated that her only reason for asking Defendant to exit the vehicle was the odor of alcohol, which she smelled while Defendant and the passenger were looking for documents. In its written order, the trial court found that "Officer Hernandez indicated that while the passenger was looking through the glove box for the registration and insurance, and while [D]efendant was looking for his driver's license, [Officer Hernandez] was able to detect an odor of alcohol." Because "we defer to the [trial] court's evaluation of witness credibility" on appeal, we accept the trial court's finding of fact and rely on that finding in describing the events at issue. *Id.* ¶ 14.

**{7}** At the suppression hearing, the trial court expressed its concern that Officer Hernandez first smelled alcohol during the time Defendant and his passenger were searching for and gathering documents that officers had been instructed not to request or review as part of the road block by Sergeant Ward. We understand the trial court's ruling suppressing the evidence of Defendant's alcohol use to be based on the trial court's belief that Officer Hernandez only had the opportunity to smell alcohol while engaged in activity or conduct that deviated from applicable restrictions imposed during sobriety checkpoints: that is, while waiting for Defendant and his passenger to secure documents Officer Hernandez had been instructed not to ask for or review. Our review of the suppression hearing, however, reveals no support in the record for the trial court's belief that Office Hernandez violated instructed protocol. Rather, the trial court ruling was a product of impermissible speculation. *See State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 ("[E]vidence from which a proposition can be derived only by speculation . . . is not substantial evidence of the proposition. . . . [A]n inference must be linked to a fact in evidence." (internal quotation marks and citation omitted)); *see also State v. Notah*, 2022-NMCA-005, ¶ 9, 503 P.3d 418, *cert. denied* (S-1-SC-39016) ("Proof of a fact may be based on reasonable inferences from the evidence, but it may not be based on pure speculation."). We explain.

**{8}**      Our review of the record reveals the absence of any testimony indicating that Officer Hernandez made a request for any documents or reviewed any documents prior to smelling alcohol. The trial court apparently inferred—solely from the testimony that Defendant and passenger were looking in their glove compartment when Officer Hernandez approached—that Officer Hernandez must have requested such documents. Such an inference, however, is not reasonable under the circumstances. Although Sergeant Ward informed officers that it was very common for citizens to already have their licenses and vehicle information when arriving at the checkpoint and that he did not want the officers to "look at that stuff," officers were *not* told that they must *actively stop* occupants from searching for such documents. The fact that Officer Hernandez smelled alcohol while the occupants happened to be searching for these documents does not violate the protocol. Once Officer Hernandez smelled alcohol, the protocol permitted her to ask the driver to step out of the vehicle and to produce his driver's license and registration. Sergeant Ward testified that the odor of alcohol was grounds to ask a driver to step out of a vehicle[2] and that if an officer suspected a driver is impaired, a sergeant would expect the officer to ascertain things such as the driver's identity and the vehicle's ownership.

**{9}**      The trial court also noted that it appeared Officer Hernandez "stood there and waited for all the information to be provided to her and then made the determination" to ask Defendant to exit the vehicle. While we are mindful of the short time frame within which officers were instructed to determine whether each driver was potentially impaired, the evidence does not show that Officer Hernandez's actions in this regard were impermissible. The record is void of any indication that Officer Hernandez's initial interaction with Defendant exceeded the standard fifteen to thirty-second time period that Sergeant Ward expected. Overall, we see nothing to indicate that Officer Hernandez, contrary to the Sergeant's directives, requested documents, delayed the encounter for the sole purpose of looking at those documents, or engaged in a "fishing expedition" looking for any violation she could find.

**{10}**      We therefore conclude that Officer Hernandez's actions failed to reach the level of "unfettered" discretion of a field officer that would render this otherwise *Betancourt*-compliant sobriety checkpoint constitutionally unreasonable. *See State v. Bates*, 1995-NMCA-080, ¶ 22, 120 N.M. 457, 902 P.2d 1060 ("The question is whether, on balance, the roadblock has been set up so as to ensure that an individual's reasonable

---

2To the extent Defendant asserts that the odor of alcohol alone was insufficient grounds for Officer Hernandez to engage in further investigation, we disagree. *Cf. State v. Hall*, 2016-NMCA-080, ¶ 17, 380 P.3d 884 (explaining that an officer's observations at a sobriety checkpoint could "provide the officer with reasonable suspicion to support detaining the driver for additional investigation"); *Betancourt*, 1987-NMCA-039, ¶ 20 ("Where facts within the observation of the officer warrant further investigation, the suspected motorist should be asked to pull into a separate testing area so as not to unreasonably inhibit the flow of traffic."). Sergeant Ward testified that sometimes police at a checkpoint will smell alcohol inside a vehicle but will not know whether it is coming from the driver or from passengers. In such a situation, Sergeant Ward explained that he would want the officers to have the driver exit the vehicle and for the officer to have additional conversation to ascertain whether the odor of alcohol follows the driver out of the vehicle. In accordance with these directives, Officer Hernandez testified that when she smelled alcohol, she was unsure whether it was coming from Defendant or the passenger and so she employed an additional investigative step directing Defendant to exit the vehicle.

expectation of privacy is not subject to arbitrary invasions solely at the unfettered discretion of officers in the field." (internal quotation marks and citation omitted)). We acknowledge the trial court's concern that close questions regarding "the threshold of minimal discretion" at sobriety checkpoints "should be resolved in favor of privacy, not a broadening of discretion." *Duarte*, 2007-NMCA-012, ¶ 41. However, we do not view this case as presenting broadened discretion. The evidence presented to the trial court demonstrated only that Officer Hernandez smelled alcohol while Defendant and the passenger were looking for documents, which was taking place as Officer Hernandez began the encounter. No evidence established or suggested that undertaking was not of their own accord. This evidence, without more, is insufficient to establish that the sobriety checkpoint was constitutionally unreasonable.

## CONCLUSION

**{11}** For the foregoing reasons, we reverse the trial court's orders granting Defendant's motion to suppress and dismissing the criminal complaint, and remand for further proceedings.

**{12}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**