This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41053**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PERLA CRYSTAL GONZALEZ BOTELLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Lee Green, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}** Defendant appeals her convictions for possession with intent to distribute methamphetamine, possession of cocaine, and possession of drug paraphernalia, asserting instructional error as to all three convictions. [BIC 1, 5] Because Defendant acknowledges that the error she alleges on appeal was not preserved [BIC 6], our review is for fundamental error. *See State v. Notah*, 2022-NMCA-005, ¶ 23, 503 P.3d 418 (noting that where instructional error is unpreserved, we review for fundamental error).

**{3}** The instruction at issue in this case provided the definition of "possession" as follows:

A person is in possession [of] methamphetamine and/or cocaine and/or paraphernalia when she knows it is on her person or is in her presence, and she exercises control over it.

Even if the substance and/or paraphernalia is not in her physical presence, she is in possession if she knows where it is, and she exercises control over it.

Two or more people can have possession of a substance and/or paraphernalia at the same time.

A person's presence in the vicinity of the substance and/or paraphernalia or her knowledge of the existence or the location of the substance and/or paraphernalia, is not, by itself, possession.

[BIC 9; AB 5; 1 RP 211] *See* UJI 14-3130 NMRA.

**{4}** Defendant asserts that this "instruction did not require the jury to find that [Defendant] intended to exercise control over the contraband in question; instead, it allowed convictions on mere findings that [Defendant] knew that the contraband was accessible to her and could control it." [BIC 9-10] This assertion relies on federal cases defining constructive possession to include the intent to control an object. [BIC 8-10] *See United States v. Little*, 829 F.3d 1177, 1182 (10th Cir. 2016) (holding that "constructive possession exists when a person not in actual possession knowingly has the power and intent at a given time to exercise dominion or control over an object"). However, Defendant does not dispute that the district court instructed the jury consistent with New Mexico's uniform jury instruction, which is presumed to be an accurate rendition of the relevant law. [BIC 9] *See State v. Mares*, 2024-NMSC-002, ¶ 43, 543 P.3d 1198 ("Our [Supreme Court's] approval of a uniform jury instruction indicates that [it has] considered that instruction and determined that it appears to accurately state the law."); *State v. Wilson*, 1994-NMSC-009, ¶ 5, 116 N.M. 793, 867 P.2d 1175 (explaining that our Supreme Court's adoption of uniform instructions "establishes a presumption that the instructions are correct statements of law"); *see also State v. Caldwell*, 2008-NMCA-049, ¶ 24, 143 N.M. 792, 182 P.3d 775 ("For fundamental error to exist, the instruction given must differ materially from the uniform jury instruction.").

**{5}**     Federal law involving different federal jury instructions notwithstanding, Defendant provides us with no New Mexico authority concluding that "intent to exercise control" must be added to the existing instruction defining "possession," which required the jury in this case to find both that Defendant knew contraband was in her presence and that she exercised control over it. [1 RP 211] *See* UJI 14-3130. Further, the general intent instruction that the jury received required the jury to find that Defendant intentionally exercised control over the substance and/or paraphernalia. [1 RP 212] UJI 14-141 NMRA requires a finding that Defendant acted intentionally when she committed the crime of possession—a crime, again, defined by UJI 14-3130 as possession of the substance and/or paraphernalia when the defendant "knows it is on [her] person or in [her] presence and [s]he exercises of control over it." [1 RP 211] UJI 14-3130. This is in contrast to the federal precedent cited by Defendant, in which the jury was instructed that the government had to prove that the defendant "ha[d] the power at a given time to exercise dominion or control over an object." *See Little*, 829 F.3d at 1183. A general intent instruction together with the federal possession instruction would establish only that the defendant intentionally "had the power" to exercise control, *see id.*, while the general intent instruction in UJI 14-141 together with the language of UJI 14-3130 required the jury to find, in part, that Defendant intentionally exercised control over the substance and/or paraphernalia. Finally, even the complete failure to give a definitional instruction generally does not rise to the level of fundamental error. *See State v. Barber*, 2004-NMSC-019, ¶¶ 20, 26, 135 N.M. 621, 92 P.3d 633 (holding that a failure to instruct the jury regarding the definition of "possession" did not rise to the level of fundamental error).

**{6}**     Based on the foregoing, we affirm.

**{7}     IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KATHERINE A. WRAY, Judge**